UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    'O'

| Case No. | 2:15-cv-09059-CAS(JCx) | Date | February 3, 2016 |
|---|---|---|---|
| Title | BRADLEY H. YAGHOUBIAN V. LEHMAN BROTHERS BANK, FSB, A FEDERAL SAVINGS BANK, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine M. Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendant

Not Present    Not Present

**Proceedings:**    (IN CHAMBERS) - MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FRCP 12(b)(6) (Dkt. 10, filed December 24, 2015)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the hearing date of February 8, 2016, is vacated, and the matter is hereby taken under submission.

## I.    INTRODUCTION

On October 14, 2014, plaintiff Bradley H. Yaghoubian ("plaintiff") filed this action in the Los Angeles County Superior Court against defendants Lehman Brothers Bank, FSB, a Federal Savings Bank ("Lehman"), and Does 1-25. Dkt. 1 (Notice of Removal). Nearly a year later, on September 23, 2015, plaintiff amended the complaint by substituting defendant Mortgage Electronic Registration Systems, Inc. ("MERS") in place of defendant "Doe 1." Id. MERS subsequently removed this action to federal court, asserting diversity jurisdiction. Id. Plaintiff's complaint asserts a single claim for quiet title as to a residential property located at 2838 Tristania Way, Pomona, California 91767 (the "Property"). See Compl. According to the complaint, no foreclosure proceedings have commenced. Id. at 1 ("General Allegations").

On December 24, 2015, defendant MERS filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), dkt. 10, as well as a request for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-09059-CAS(JCx) | Date | February 3, 2016 |
|---|---|---|---|
| Title | BRADLEY H. YAGHOUBIAN V. LEHMAN BROTHERS BANK, FSB, A FEDERAL SAVINGS BANK, ET AL. | | |

judicial notice, dkt. 10-1.[1] Plaintiff has not filed any opposition to the instant motion.[2] Accordingly, on February 2, 2016, defendant MERS filed a notice of non-receipt of opposition. Dkt. 12. The Court finds and concludes as follows.

## II. BACKGROUND

Plaintiff alleges that on or about May 10, 2005, he signed a "corporation grant deed" that grants him the Property that is the subject of the instant dispute. Compl. ¶ 6; see also id. Ex. 2 (Grant Deed). Plaintiff further avers that on or about May 12, 2005, he signed a deed of trust that appears to pledge the Property as security for payment of a

---

[1] Defendant MERS filed a request for judicial notice of (1) the Deed of Trust, dated May 12, 2005, and recorded in the Official Records of the County of Los Angeles as document number 051232135 on May 26, 2005; and of (2) the Adjustable Rate Note between Lehman and plaintiff, dated May 12, 2005. See Dkt 10-1. As to the Deed of Trust, plaintiff's complaint refers extensively to the Deed of Trust with lender Lehman and includes the cover page of the deed as an attachment to the complaint. Courts routinely take judicial notice of these types of documents. See, e.g., Liebelt v. Quality Loan Serv. Corp., 2011 WL 741056, at *6 n.2 (N.D. Cal. Feb.24, 2011); Reynolds v. Applegate, 2011 WL 560757, at *1 n.2 (N.D. Cal. Feb.14, 2011); Giordano v. Wachovia Mortg., 2010 WL 5148428, at *1 n.2 (N.D. Cal. Dec. 14, 2011). Accordingly, the Court grants defendants' request for judicial notice as to the entirety of the Deed of Trust, as it is in the public record and is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). As to the Adjustable Rate Note, plaintiff's complaint refers extensively to the "Note" and thus incorporates this document by reference. Branch v. Tunnell, 14 F. 3d 449, 454 (9th Cir.1994), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002).

[2] Pursuant to Local Rule 7-12, the failure to file an opposition may be deemed consent to the granting of the motion. The Court notes that counsel for defendant MERS avers that he "attempted to meet and confer with Plaintiff's counsel via telephone and email between December 1, 2015 and December 23, 2015, but was unable to reach counsel for Plaintiff despite [his] best efforts to do so." Dkt. 10 (Notice of Motion), at 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-09059-CAS(JCx) | Date | February 3, 2016 |
| Title | BRADLEY H. YAGHOUBIAN V. LEHMAN BROTHERS BANK, FSB, A FEDERAL SAVINGS BANK, ET AL. | | |

$422,750 loan (the "Lehman loan") from lender "Lehman Brothers Bank, FSB, A Federal Savings Bank." See Def's Request for Judicial Notice ("RJN"), Ex. B, at 3, 4 (Deed of Trust); see also Compl. ¶ 8, Ex. 3. The Deed of Trust expressly identifies defendant MERS as nominee for the lender and the lender's successors and assigns, and as "the beneficiary under this Security Instrument." See Deed of Trust.

Plaintiff alleges that on an unspecified date following his signing of the Deed of Trust, "the alleged Debt, Loan(s) and or Promissory Note(s)" for which the Deed of Trust served as a secured instrument was sold, assigned, or transferred. Compl. ¶ 8. According to plaintiff, this transfer of the debt rendered the Deed of Trust "null, void and invalid" as to defendant Lehman Brothers, "thereby defeating, disqualifying and or extinguishing any 'Adverse Claim'" on the Property. Id. Accordingly, plaintiff contends that his grant deed "forms the basis of Plaintiff[']s Superior Title" and therefore demonstrates that he "is the sole Title holder[] and Owner[] who singularly holds Title to [the] subject property," without encumbrance by "any liens." Id. ¶ 6.

Furthermore, as a result of the aforementioned transfer of debt, plaintiff appears to allege the following: (1) that "any and all 'Secured Interest' once held by [Lehman Brothers] no longer exists, has been relinquished, discharged and or terminated as a matter of Law," id. ¶ 13; (2) that the lack of a "joint corresponding assignment" of the security "effectuated a 'Severance' and or 'Bifurcation' of the Debt" that renders the Deed of Trust "null, void and/or invalid," id. ¶ 14; and (3) that "there has been full satisfaction of the [Deed of Trust]," such that all "Rights, Title and Interests" in the Property have "been extinguished, terminated, and or discharged," id. ¶ 15.

### III.  LEGAL STANDARD

####  A.  Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-09059-CAS(JCx) | Date | February 3, 2016 |
| Title | BRADLEY H. YAGHOUBIAN V. LEHMAN BROTHERS BANK, FSB, A FEDERAL SAVINGS BANK, ET AL. | | |

motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. (internal citations omitted).

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-09059-CAS(JCx) | Date | February 3, 2016 |
| Title | BRADLEY H. YAGHOUBIAN V. LEHMAN BROTHERS BANK, FSB, A FEDERAL SAVINGS BANK, ET AL. | | |

court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

IV.     DISCUSSION

   A.     **Plaintiff's Quiet Title Claim**

To assert a quiet title claim, plaintiff must allege the following: (1) a description of the property at issue (both a legal description and a street address); (2) a statement of plaintiff's title to the property; (3) the adverse claims to the title for which determination is sought; (4) the date for which the determination of rights is sought; and (5) a prayer for determination of plaintiff's title against adverse claims. Cal. Code Civ. Proc. § 761.020(a)-(e). As defendant rightly notes, plaintiff's sole claim in the instant action must be dismissed because plaintiff has failed to allege any adverse claims to the title on the property for which the determination of rights is sought—that is, plaintiff has failed sufficiently to allege the third of the five elements listed above.

In his complaint, plaintiff suggests that the Deed of Trust, which plaintiff contends is null and void, "ostensibly forms the basis of a[n] alleged potential '*Adverse Claim*' against Plaintiff[']s Property and Superior Title." Compl. ¶ 9 (emphasis added). Generally, "a deed of trust creates a tripartite relationship between the trustor (debtor), the trustee, and the beneficiary (creditor)." Lupertino v. Carbahal, 35 Cal. App. 3d 742, 747-48 (Ct. App. 1973). In this case, the Deed of Trust lists plaintiff as the borrower (i.e., as the trustor or the debtor), non-party North American Title as the trustee, and Lehman Brothers as the lender (i.e., the beneficiary or the creditor). Defendant MERS is also named as "a nominee for Lender and Lender's successors and assigns," and as "the beneficiary" under the Deed of Trust. See Deed of Trust.

Crucially for purposes of the instant motion, a deed of trust "carries none of the incidents of ownership of the property other than the right to convey upon default on the part of the debtor in the payment of his debt." Lupertino, 35 Cal. App. 3d at 748 (citation omitted). Thus, "[a] security interest in a deed of trust is not an adverse claim to a plaintiff's property." Chan Tang v. Bank of Am., N.A., No. cv-11-2048 DOC, 2012 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | 2:15-cv-09059-CAS(JCx) | Date | February 3, 2016 |
| Title | BRADLEY H. YAGHOUBIAN V. LEHMAN BROTHERS BANK, FSB, A FEDERAL SAVINGS BANK, ET AL. | | |

960373, at *14 (C.D. Cal. Mar. 19, 2012) ("[B]ecause Defendants' only interest in the property is a security interest evidenced by the Deed of Trust, Plaintiffs have failed to show an adverse claim to their home."). Accordingly, while the Deed of Trust encumbers the Property to secure the underlying loan, it does not give MERS any other incidents of ownership, and therefore is not an adverse claim against title. See Hamilton v. Bank of Blue Valley, 746 F. Supp. 2d 1160, 1177 (E.D. Cal. 2010) (holding that defendants, including "MERS as beneficiary and the lender's nominee," lack "an interest in the property subject to a quiet title claim"); Vega v. JPMorgan Chase Bank, N.A., 654 F. Supp. 2d 1104, 1121 (E.D. Cal. 2009) (dismissing quiet title claim because "defendants have held a security interest in the [Deed of Trust], not an adverse claim in the property"); Velasco v. Homewide Lending Corp., No. CV 13-00698-CJC, 2013 WL 3188854, at *3 (C.D. Cal. June 21, 2013) (finding plaintiff's "claim for quiet title [to be] deficient" because a "security interest in a deed of trust is not an adverse claim to a plaintiff's property" and plaintiffs only alleged that "Defendants have an adverse interest as holders of the deed of trust") (citation omitted).

Accordingly, because plaintiff has failed in the instant complaint adequately to allege that defendant MERS, as a beneficiary under the Deed of Trust, has any adverse claim against the title of the Property, plaintiff's claim to quiet title to the Property must be **DISMISSED** without prejudice.

## V. CONCLUSION

In accordance with the foregoing, the Court hereby **GRANTS** without prejudice defendant MERS's motion to dismiss plaintiff's complaint.

Plaintiff shall have until and including **Wednesday, February 17, 2016** to file an amended complaint addressing the deficiencies identified herein. Failure to do so may result in dismissal with prejudice.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |